## JESS DOWNARD v. STATE.

No. A-6262.  Opinion Filed Oct. 1, 1927.
(259 Pac. 662.)

H. A. Noah, for plaintiff in error.

Edwin Dabney, Atty Gen., Smith C. Matson, Asst. Atty. Gen., and C. E. Wilhite, County Atty., for the State.

DOYLE, P. J.   The information in this case charged that in Woods county, on or about the 15th day of January, 1926, Jess Downard, the defendant, "then and there being wilfully, intentionally and unlawfully did have the possession of certain spirituous liquor, to wit, corn whisky, with the willful and unlawful intent on the part of him, the said Jess Downard, to then and there sell, barter, give away and furnish the same, contrary to," etc.

On the trial appellant was found guilty and his punishment assessed at a fine of $500 and imprisonment in the county jail for 6 months.   From the judgment rendered on the verdict, he appeals.

The errors assigned question the sufficiency of the information to charge an offense and the sufficiency of the evidence to sustain the verdict.   Obviously the information is sufficient, and the demurrer  thereto  was properly overruled.

The evidence for the state shows that appellant drove to the Crouse place, northeast of Alva, after dark, and as the officers approached the car he took a jug from the car and broke it on a tree.

The witness Wood for the state testified that Mr. Johnson, Ralph Heaton, and himself were going from the house as the car drove up, and Jess Downard got out of the car and walked to the front, "I turned the flash light on my car and saw Jess Downard with something in his hand, and he threw it against a tree; I went

right on up, and part of the jug was lying there, and the side of the tree was wet and smelled of liquor."

C. T. Johnson, deputy sheriff, testified:

"I went over and found a jug broken against a tree, I picked up a part of the bottom of the jug that had a little liquor in it and scooped some up off of the sand. Mr. Downard was standing there. I had a flash light."

The testimony of Ralph Heaton was, in substance, to the same effect.

As a witness in his own behalf appellant testified:

"I was in Alva and went out to the Paul Crouse place with Mrs. Lash in her automobile; we went under the viaduct, and she stopped the car; I got out and went about twenty feet and picked up an empty stone jug and put it in the car; then we went on to Crouses; when we arrived there, the officers appeared and I threw the jug away; it was empty but I didn't want to have anything like that around in the position I was in."

The case having been submitted to the jury upon correct instructions, it was the peculiar province of the jury to pass upon the credibility of the witnesses and the weight of the testimony, and under well-settled rules we cannot disturb the verdict where there is substantial evidence to support it.

Finding no prejudicial error, nothing remains for this court to do but to affirm the judgment, and that is accordingly done.

EDWARDS and DAVENPORT, JJ., concur.